THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH

CENTRAL DIVISION

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

|  |  |  |
|---|---|---|
| WASTE SERVICES, LLC, a Utah Limited Liability company | ) ) ) | Case No.2:08CV417DS |
| Plaintiff, | ) ) ) | MEMORANDUM DECISION AND ORDER |
| RED OAK SANITATION, INC., Georgia corporation, | ) ) ) |  |
| Defendant. | ) |  |

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

This matter is before the court upon Defendant's motion to dismiss for lack of personal jurisdiction and motion for change of venue. These motions are fully briefed and the court has considered the arguments of counsel. The central issue in this matter is a forum selection clause between the parties, which states, "Any litigation will occur in the state of Utah." This forum selection clause is permissive within the scope as set forth by the 10th Circuit, and as such, the clause is unenforceable. Additionally, the defendant lacks sufficient contacts with the state of Utah for this court to exercise personal jurisdiction. Therefore, because this court lacks personal jurisdiction over the defendant, the court may transfer the case to a proper jurisdiction under 28 U.S.C. 1406(a).

**Factual Background**

Defendant is a Georgia corporation operating in the waste management industry. In 2007, Plaintiff went to Georgia, conducted market testing, and solicited the business of the Defendant. On March 30, 2007, Defendant and Plaintiff entered into a contract, which contained a forum

selection clause which stated, "Applicable Law. This agreement shall be governed by and construed in accordance with the laws of the State of Georgia. *Any litigation will occur in the State of Utah*" (emphasis added). The contract was signed in Georgia. The Defendant does not nor has ever conducted any business or operations in the state of Utah.

## Legal Analysis

To properly bring a suit in a federal district court, the plaintiff must establish, *inter alia*, that the court has personal jurisdiction over the parties involved in the case. *See* FED. R. CIV. P. 12(b)(2). A party may consent to personal jurisdiction by including a forum selection clause within a contract. *See Burger King v. Rudzewicz*, 471 U.S. 462, 473 (1985), *National Equipment Rental, Ltd. v. Szukhent*, 375 U.S. 311, 315 (1964). The plaintiff bears the burden of establishing personal jurisdiction, though this burden is typically a very light burden. *Utah Lighthouse Ministry, Inc. v. Discovery Computing, Inc.*, No. 2:05CV380DAK, 2005 WL 3263157 (D. Utah Dec. 1, 2005). Forum selection clauses are typically viewed as prima facie establishment of personal jurisdiction over a defendant because such clauses are often contained within written contracts signed by both plaintiff and defendants. *See Kirk v. NCI Leasing, Inc.*, No. Civ.A. 05-1199MLB, 2005 WL 3115859 (D. Kan. Nov. 21, 2005) (citing *Milk 'N' More, Inc. v. Beavert*, 963 F.2d 1342, 1346 (10th Cir. 1992)).

However, whether the forum selection clause is dispositive as to consenting to personal jurisdiction is dependant upon the language constituting the forum selection clause. Forum selection clauses are labeled as either permissive or mandatory. *See K & V Scientific Co., Inc. v. Bayerische Motoren Werke Aktiengesellschaft ("BMW")*, 314 F.3d 494, 498 (10th Cir. 2002) (citing *Excell, Inc. v. Sterling Boiler & Mech., Inc.*, 106 F.3d 318, 320 (10th Cir. 1997)). Courts define forum selection clauses as permissive where the language is non-exclusive, or merely

permissive of a particular jurisdiction. In the alternative, mandatory forum selection clauses contain language that is exclusive, using such terms as "only," "sole," or "exclusive." *See Kirk*, 2005 WL 3115859, at *3; *Knight Oil Tools, Inc. v. Unit Petroleum Co.*, No. CIV 05-0669 JB/ACT, 2005 WL 2313715 (D. N.M. Aug. 31, 2005) (stating that there are multiple cases where forum selection clauses containing the word "shall" were determined as permissive rather than mandatory); *K&V Scientific Co.*, 314 F.3d at 498-500. Where a forum selection clause is determined to be permissive rather than mandatory, the 10th Circuit has ruled that such forum selection clauses are not enforceable. *See Knight Oil Tools, Inc*, 2005 WL 2313715 at *5-6.

Additionally, there are instances where a forum selection clause appears to be neither permissive nor mandatory, but instead is ambiguous. *See Utah Pizza Service, Inc. v. Heigel*, 784 F.Supp. 835, 837-839 (D. Utah 1992). Ambiguous forum selection clauses are to be construed against the drafter of the clause. Therefore, ambiguous forum selection clauses are also determined unenforceable as to establishing personal jurisdiction. *See K&V Scientific Co.*, 314 F.3d at 500-501 (citing *Milk 'N' More*, 963 F.2d at 1346).

Where a party is unable to establish that a forum selection clause is mandatory, the party must therefore rely on the forum state's long-arm statute or the *Int'l Shoe* level of contacts with the forum state to establish personal jurisdiction. *See World-Wide Volkswagen Corp. v. Woodson*, 444 U.S. 286, 291 (1980). The Utah state long-arm statute includes, *inter alia*, a business or person availing themselves of the benefits of doing business within the forum state. U.C.A. § 61-1-26 (1953). If a party is unable to establish the forum selection clause as mandatory, or find activity which satisfies requirements set forth by state long-arm statutes or sufficient instate contacts under *Int'l Shoe*, the court may either dismiss the suit under a 12(b)(2) motion initiated by the defendant, or the court may transfer the case to a venue which the case

could have originally been brought properly under 28 U.S.C. 1406(a).

Here, the plaintiff has failed to properly establish personal jurisdiction over the defendant, and the most efficient and beneficial method for the court to adjudicate this matter would be to transfer the case to a proper jurisdiction under 28 U.S.C. 1406(a).

The contract at issue contains a forum selection clause stating "Any litigation will occur in the state of Utah." The language in this agreement contains no words denoting or connoting exclusivity or a mandatory nature. Courts have determined that words such as "shall" and "will" are permissive in nature as opposed to mandatory. At a minimum, the language of this forum selection clause is ambiguous as to whether the jurisdiction is intended to be exclusive or merely permissive. Therefore, the clause must be construed against the drafter of the clause (the Plaintiff), requiring a determination that the clause is permissive rather than mandatory.

Because the forum selection clause is permissive, either due to the lack of exclusive language or the ambiguity, the clause is unenforceable. Looking to the level of contacts between the plaintiff and Utah, the contacts are insufficient to exercise jurisdiction over the individual. Further, the Utah long-arm statute additionally does not establish personal jurisdiction over Defendant, because the Defendant did not solicit the business of the Plaintiff in Utah.

Therefore, having expended the various avenues of establishing personal jurisdiction, any suit in this jurisdiction would be improperly brought. Accordingly, the court should transfer the case under 28 U.S.C. 1406(a) to the N.D. of Georgia for proper adjudication of the issue.

## Conclusion

Accordingly, the motion to dismiss the case (Docket #4) is denied and the motion for change of venue (Docket #6) is granted. Further, this case will be transferred via 28 U.S.C. 1406(a) to the United States District Court for the Northern District of Georgia.

SO ORDERED.

DATED this 23rd day of July, 2008.

BY THE COURT:

DAVID SAM
SENIOR JUDGE
U.S. DISTRICT COURT